IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRED A. DIXON, JR., #01465237 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv470 |
| CHOW HALL BOSS, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Fred A. Dixon, Jr., a prisoner confined at the Skyview Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## I. Plaintiff's Complaint

Plaintiff's complaint, (Dkt. #1), is difficult to decipher. He sues an unknown Chow Hall boss and what appears to be an unidentified medical department. He mentions "meals" and states "high levels of melatonin vinses" have been given. Dixon further states that the "dorm needs fuileds [sic] to drink" and that "osomolite" has been cut off to him but is given to other prisoners. He does not offer any dates, specifics, or facts concerning his claims.

## II. Discussion

Plaintiff Dixon is no stranger to federal courts in Texas. Court records show that Dixon has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for the failure to state a claim upon which relief can be granted—prior to his filing this lawsuit in December 2022.  *See Dixon v. Skyview Unit*, civil action no. 3:22cv192 (S.D. Tex. June 15, 2022) (observing

plaintiff has three strikes); *Dixon v. Montford Security*, civil action no. 5:15cv138 (N.D. Tex. July 15, 2015) (outlining Plaintiff's extensive record of filing frivolous lawsuits); *Dixon v. Angleton Sheriff's Dept.*, civil action no. 3:05mc11 (N.D. Tex. Feb. 5, 2005) (noting plaintiff's history of filing frivolous lawsuits despite previous sanctions and imposing a sanction of $100.00).

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Dixon has accumulated three strikes prior to filing this December 2022 lawsuit and, thus, falls under the Act. Consequently, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

To meet the imminent danger requirement of section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*….").

Crucially, the burden is on Dixon to show that he is in imminent danger of serious physical injury **at the time** of the filing of his complaint through facts rather than conclusory allegations. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019) (emphasis supplied). A prisoner must allege specific facts showing that he is under imminent danger of serious physical harm—general allegations not grounded in specific facts are not sufficient to invoke the exception to section 1915(g). *See Fuller v. Wilcox*, 288 F. App'x 509, 510 (10th Cir. 2008).

Here, Plaintiff's conclusory and inchoate claims fail to demonstrate that he is in imminent danger of serious physical injury. Plaintiff's lack of facts is fatal to invoke the exception, and he is therefore barred from proceeding *in forma pauperis*. Plaintiff has also been sanctioned multiple times for his frivolous litigation. The Northern District of Texas has barred him from filing any new civil actions without advance permission. In a separate case, the Northern District sanctioned him $100.00 and directed that he must pay this sanction before he can seek leave of court to file any other lawsuits. The docket in *Angleton*, in which the sanction was imposed, show that Plaintiff has not satisfied the sanction; rather, he wrote a letter to the court complaining about the denial of counsel and suggesting that the court pay him money instead.

This Court issued General Order 94-6 on February 2, 1994, to enforce sanctions issued by other federal courts in Texas. *See* G.O. 94-6 ("Similarly, orders prohibiting the filing of any new pleadings until monetary sanctions are paid will be honored according to the terms specified in the order."). The General Order was issued for the very purpose of stopping abusive practices by litigants like Dixon. Courts may honor sanctions issued by another court. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999). Given Dixon's abusive litigation history, this Court should honor these sanctions imposed by a sister court—and dismiss this lawsuit because he has not satisfied the sanctions imposed against him.

## RECOMMENDATION

For reasons explained above, the Court recommends that Plaintiff be denied *in forma pauperis* status and that the lawsuit be dismissed, with prejudice, as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented—but without prejudice to the refiling of this lawsuit upon the satisfaction of three conditions: (1) proof of satisfying the $100.00 sanction imposed by the Northern District of Texas; (2) receipt of written permission to file a new lawsuit; and (3) payment of the full $402.00 filing fee or proof that Plaintiff is in imminent danger of serious physical injury. Finally, it is recommended that should Plaintiff fulfill all of these conditions within 15 days after the entry of dismissal of the present case, he should be permitted to proceed in this lawsuit as though the full filing fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of December, 2022.**

4

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE